UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL M. STROUPE                                         CIVIL ACTION

VERSUS                                                          NO. 23-265

LAURA M. BORCHERT, ET AL.                    SECTION "R" (1)


## ORDER AND REASONS

Before the Court are two motions: one motion to dismiss filed by

defendant Laura Borchert[1] and one motion to dismiss filed by defendants

Robin Rice, Edmund Rice, and Aaron Stroupe.[2]   Plaintiff Paul Stroupe

opposes both motions.[3]   For the following reasons, the Court grants

defendants' motions and dismisses plaintiff's complaint.


## I.    BACKGROUND

This case arises from a dispute regarding the disposition of plaintiff's

late parents' estate, including the proceeds of a life insurance policy held by

plaintiff's mother.  Plaintiff filed a pro se complaint against defendants Robin

Rice, Edmund Rice, Aaron Stroupe, and Laura Borchert in which he

---

[1]    R. Doc. 17.
[2]    R. Doc. 18.
[3]    R. Docs. 19 & 26.

contends that Robin Rice, his sister, and Edmund Rice, his brother-in-law, forged a change-of-beneficiary form for his mother's life insurance policy to divert the funds from plaintiff, the true beneficiary.[4]  Plaintiff further alleges that his sister improperly charged him for multiple expenses, including his parents' funeral expenses and improvements to his parents' home.[5]  Plaintiff includes no allegations in his complaint regarding any misconduct on the part of defendants Laura Borchert or Aaron Stroupe.

Defendants moved to dismiss plaintiff's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Defendants argue that plaintiff's claims arise under state, rather than federal, law, and that there is not complete diversity between plaintiff and defendants Robin Rice and Edmund Rice.[6]  Plaintiff opposes defendants' motions.

The Court considers the motions below.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under Rule 12(b)(1) allow a party to challenge the court's

---

[4]    R. Doc. 4.

[5]    *Id.* at 4-5.

[6]    R. Docs. 17 & 18.

subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro*, 74 F.3d at 659). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016).

## III.   DISCUSSION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Two possibilities for jurisdiction exist: federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, it must dismiss the case. *See* Fed. R. Civ. P. 12(b)(1).

Plaintiff initiated his case on the pro se template for civil complaints. The template includes two boxes: one for federal question jurisdiction, and one for diversity jurisdiction. Plaintiff checked the box for federal question

jurisdiction.[7] Defendants argue that neither federal question jurisdiction nor diversity jurisdiction exists in this case.[8]

The Court will assess each jurisdictional basis in turn.

1.    *Federal Question Jurisdiction*

Federal question jurisdiction extends to "all actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "Federal question jurisdiction under section 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).  Nevertheless, federal courts do not have jurisdiction over complaints that cite to federal laws where the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or "is wholly insubstantial and frivolous." *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 349 (5th Cir. 2021) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *see also Henderson v. Buttross*, No. 17-436, 2017 WL 2391806, at *2 (W.D. Tex. June 2, 2017) ("A pro se plaintiff's mere

---

7    R. Doc. 4 at 3.
8    R. Docs. 17 & 18.

assertion of a federal statute, which clearly does not apply, is insufficient to invoke federal question jurisdiction.").

Here, plaintiff's claims sound in state law—he contends that defendants are liable for fraud and conversion.  In the section of the pro se complaint template that instructs plaintiffs to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," plaintiff lists only one statute: 28 U.S.C. § 1331, the federal question jurisdiction statute.[9]  That statute confers jurisdiction to federal courts over complaints involving federal claims; it is not, itself, a "federal law [that] creates the cause of action."  *Frank*, 128 F.3d at 922.

In the "statement of a claim" section of his complaint, plaintiff also cites to 42 U.S.C. § 1983, which is inapplicable here.  Section 1983 provides a cause of action for plaintiffs whose federal rights are violated under color of state law.  42 U.S.C. § 1983; *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  To state a claim under section 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting "under color of state law."  *Id.* Here, plaintiff does not allege that defendants violated the Constitution or any federal statute, much less that they did so while acting "under color of

---

[9]      R. Doc. 4 at 3.

state law." *Id.* This claim is thus frivolous and plaintiff's passing reference to the statute is insufficient to confer subject-matter jurisdiction to the Court.

In his opposition briefs to defendants' motions to dismiss, plaintiff adds a number of additional factual allegations regarding defendants' misconduct, none of which appear in his complaint. Plaintiff also invokes a litany of federal laws, which "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction," or are "wholly insubstantial and frivolous." *WickFire, L.L.C.*, 989 F.3d 349.

First, plaintiff references the Due Process and the Equal Protection Clauses of the Constitution. The only argument plaintiff makes in relation to these clauses is that defendants "never served the Plaintiff" and "deprived him to steal his money [sic]."[10]   The theory underlying plaintiff's constitutional claim is difficult to discern.   Nevertheless, because both constitutional provisions proscribe certain conduct of the state government, they are inapplicable here, as plaintiff challenges purely private conduct. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 930 (1982) ("[T]he Due Process Clause protects individuals only from governmental and not from private action."); *Gilmore v. City of Montgomery*, 417 U.S. 556, 565 (1974) ("The Equal Protection Clause of the Fourteenth Amendment does not

---

[10]     R. Doc. 19 at 3.

6

prohibit the individual invasion of individual rights." (internal quotation marks omitted)).

Plaintiff also refers to "18 USC B 41 Sect. Chapter 63 Frauds and Swindled's [sic]."[11] This is not a valid citation. The Court will construe this citation as a reference to 18 U.S.C. § 1341, the federal statute that criminalizes "frauds and swindles." This statute does not confer a private right of action in civil lawsuits. Plaintiff's invocation of this statute thus does not give rise to federal question jurisdiction. *See Coleman v. Combs*, No. 21-1493, 2021 WL 3353966 (N.D. Tex. July 15, 2021) ("[I]nsofar as [plaintiff] attempts to sue defendants for federal criminal law violations . . . her claims lack a legal basis, and thus, cannot support a federal cause of action," as "[c]riminal statutes do not create a private right of action").

Finally, plaintiff references Title VII of the Civil Rights Act of 1964 and the Dodd-Frank Act in his opposition briefing.[12] Title VII of the Civil Rights Act of 1964 prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion . . . or national origin." 42 U.S.C. § 2000e-2(a). The Dodd-Frank Act, which was

---

[11]   *Id.* at 12.
[12]   R. Doc. 26 at 7.

enacted in the wake of the 2008 financial crisis, "encourages individuals to provide information relating to a violation of the U.S. securities laws to the Securities and Exchange Commission" and "create[s] a private cause of action for certain individuals against employers who retaliate against them for taking specified protected actions." *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622-23 (5th Cir. 2013). Plaintiff does not explain why he would be entitled to relief under either statute, nor is the Court able to discern from plaintiff's complaint or briefing how either statute is relevant to this dispute. *See Myles v. Georgia Bar*, No. 20-782, 2021 WL 4765502, at *8 (M.D. La. Sept. 22, 2021) (dismissing complaint under Rule 12(b)(1) when the plaintiff "asserted many federal statutes that have no applicability to the present matter"); *Coleman*, 2021 WL 3353966, at *2 (holding that plaintiff's "fleeting mention of" various federal statutes was "insufficient to invoke the Court's federal question jurisdiction").

In sum, plaintiff's references to the Constitution and various federal statutes in his complaint and opposition briefing are insufficient to invoke federal question jurisdiction. The Court thus considers whether diversity jurisdiction is present.

2.    *Diversity Jurisdiction*

8

Diversity jurisdiction requires complete diversity among the parties and an amount-in-controversy that exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). For purposes of diversity jurisdiction, an individual is a citizen of the state where he establishes his domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). "Evidence of a person's place of residence . . . is *prima facie* proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

In his complaint, plaintiff alleges that he is a citizen of Washington, and that defendants are citizens of Louisiana.[13] Defendants Robin Rice and Edmund Rice deny these allegations.[14] They contend that they reside in Washington, and they attach an exhibit with images of various licenses issued by the state of Washington, including their driver's licenses and Edmund Rice's concealed pistol license.[15]

---

[13]   R. Doc. 4 at 3.

[14]   R. Doc. 14.

[15]   R. Doc. 14-1.

When, as here, diversity of citizenship is challenged, the party invoking federal jurisdiction bears the burden of proving citizenship by a preponderance of the evidence. *Preston*, 485 F.3d at 798. Plaintiff does not respond to defendants' assertion that complete diversity is absent here. Rather, plaintiff contends that "[t]his is the right jurisdiction" because plaintiff's mother, whose life insurance policy proceeds were allegedly stolen, "was domiciled in Slidell," Louisiana.[16] Plaintiff's late mother's domicile is irrelevant for purposes of diversity jurisdiction. Because plaintiff does not meet his burden of establishing complete diversity by a preponderance of the evidence, the Court finds that diversity jurisdiction is lacking.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motions to dismiss and DISMISSES plaintiff's complaint WITHOUT PREJUDICE.

New Orleans, Louisiana, this __29th__ day of June, 2023.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[16]     R. Doc. 26 at 1.

10